IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50473
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:99-CR-374-1

_____

February 5, 2001

Before POLITZ, HIGGINBOTHAM, and DeMOSS, Circuit Judges

PER CURIAM:[*]

Miguel Sanchez appeals his conviction for possessing with the intent to

distribute more than 50 kilograms of marihuana. He contends that the district court

erred in denying his motion to suppress the evidence obtained from a traffic stop of

his vehicle based on the court's determination that the good-faith exception to the

exclusionary rule applied. Sanchez maintains that because the involved officer had

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

two opportunities to observe the valid registration insignia on his windshield, the officer acted with objective unreasonableness in stopping his vehicle based on erroneous information from a police dispatcher that the registration was expired.

The determinative issue in the instant case is not whether the officer's failure to notice Sanchez's valid registration sticker was negligence.[1] Rather, the dispositive issue is whether, given the totality of the facts and circumstances, a reasonably objective officer would have considered the registration information provided by the dispatcher in his decision to stop Sanchez's truck, and whether the officer acted in good faith notwithstanding his failure to notice a current registration tag on the windshield of the vehicle.[2] Our review of the record and applicable law persuades that the district court did not err in its application of the good faith exception to the exclusionary rule.[3]

We conclude that under the totality of the circumstances of the case, it was objectively reasonable for an experienced officer to reasonably suspect that Sanchez was operating his vehicle without a valid registration insignia in violation of Texas law and, thus, that there was a legal justification for stopping the vehicle.[4] The district court therefore did not err in concluding that the good faith exception to the exclusionary rule applied and that the evidence should not be suppressed.

---

[1] United States v. De Leon-Reyna, 930 F.2d 396, 401 (1991).

[2] Id. at 399-402.

[3] Id.

[4] United States v. Kye Soo Lee, 898 F.2d 1034 (5th Cir. 1990); see also Tex. Transp. Code § 502.404 (1999).

2

The judgment appealed is AFFIRMED.